**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4808

LEROY ERIC ALLEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-94-58)

Submitted: March 10, 1998

Decided: April 3, 1998

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Leroy Allen appeals from the district court's order revoking his probation and sentencing him to eighteen months' imprisonment. Allen alleges that the sentence is unreasonable given that the recommended Guideline range for his violations was three to nine months.[1] Finding no error, we affirm.

In 1994, Allen was convicted pursuant to his guilty plea of possessing a machine gun. The applicable Guideline range for this offense was twenty-four to thirty months' imprisonment. The sentencing court granted a motion for downward departure based on Allen's substantial assistance and sentenced Allen to thirty-six months' probation. In May 1997, Allen's probation officer filed a motion to revoke Allen's probation due to three violations: (1) criminal misconduct;[2] (2) failure to report his arrest to his probation officer; and (3) lying to his probation officer concerning the severity of his offense.[3]

We review the district court's sentence for an abuse of discretion and find none here. See United States v. Davis , 53 F.3d 638, 642 (4th Cir. 1995). The sentencing ranges in USSG § 7B1.4 are non-binding advisory guides, and the district court is required only to consider these ranges when making its decision. In the present case, the district court properly considered the sentencing range in§ 7B1.4 and articulated specific reasons for diverging from this range.[4] We further find

_____

**1** **U.S. Sentencing Guidelines Manual** § 7B1.4 (1996).
**2** Allen was arrested in New York in December 1996 for petit larceny.
**3** Allen admitted the violations at the revocation hearing.
**4** The district court was especially concerned about Allen's failure to report his arrest to his probation officer and his acts of deception (i.e., lying to his probation officer and lying to New York officials by stating that he had no prior convictions).

2

that Allen's sentence is not unreasonable. It is well established that a sentence imposed after revoking probation is a modification of the sentence for the original offense of conviction. See United States v. Woodrup, 86 F.3d 359, 361-62 (4th Cir. 1996). In the present case, Allen was exposed to a sentencing range of twenty-four to thirty months' imprisonment on the weapons offense, and the district court imposed a sentence below this range.[5]

Accordingly, we affirm Allen's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[5] The parties' arguments concerning the applicability of USSG § 7B1.4, comment. (n.4), which allows for an upward departure if the defendant's original sentence was the result of a downward departure (i.e., for substantial assistance), are without merit. Sentences which diverge from advisory policy statements are not departures. Davis, 53 F.3d at 642 n.15.

3